**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALBERT J. STALEY,
ADC #144308                                                                                           PLAINTIFF

V.                                            5:10-cv-00249-JLH-JTK

LARRY D. MAY et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.      Why the record made before the Magistrate Judge is inadequate.

        2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is confined at the North Central Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action against Defendants. Specifically, Plaintiff alleges Defendants violated his constitutional rights by filing a state court action against him to recover his Social Security benefit payments as reimbursement for Plaintiff's care and custody at the ADC. Plaintiff asks for monetary relief from the Defendants.

After carefully reviewing Plaintiff's Complaint, the Court concludes that Plaintiff's claims are frivolous and he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed with prejudice, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

## I.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.   FACTS AND ANALYSIS

Plaintiff argues Defendants should not be permitted to attach his Social Security benefits as payment for his care and custody within the ADC. Plaintiff refers to the Arkansas State Prison Inmate Care and Custody Reimbursement Act, ARK. CODE ANN. §§ 12-29-501 to 12-29-507, as the method by which Defendants seized his Social Security benefits in a state court proceeding.

Plaintiff essentially asks this Court to overturn an Arkansas state court decision. This Court lacks subject matter jurisdiction in which to consider this claim, because of the Rooker-Feldman doctrine, which "states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997). According to this doctrine, "the only court with jurisdiction to review decisions of state courts is the United States Supreme Court," and "Rooker-Feldman precludes a federal action if the relief

requested in the federal action would effectively reverse the state court decision or void its ruling." Id.

In this lawsuit, Plaintiff asks the Court to void the ruling of an Arkansas court to permit the seizure of his benefits by the Defendants. Therefore, the Court finds Plaintiff's Complaint should be dismissed as frivolous and for failure to state a claim, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that this action be DISMISSED, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 23rd day of September, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."